**FARUQI & FARUQI, LLP**
Lisa T. Omoto (State Bar No. 303830)
*lomoto@faruqilaw.com*
1901 Avenue of the Stars, Suite 1060
Los Angeles, California 90067
Telephone: (424) 256-2884
Facsimile: (424) 256-2885

*Attorney for Plaintiff Sheryl Gatoff,*
*individually and on behalf of all others*
*similarly situated*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERYL GATOFF, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BETTER LIVING BRANDS, LLC,<br><br>Defendant. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT**<br>1. Violation of California Consumers Legal Remedies Act<br>2. Violation of California Unfair Competition Law<br>3. Violation of California False Advertising Law<br>4. Intentional Misrepresentation<br>5. Negligent Misrepresentation<br>6. Quasi Contract/Unjust Enrichment/Restitution<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

CLASS ACTION COMPLAINT

## CLASS ACTION COMPLAINT

Plaintiff Sheryl Gatoff, individually and on behalf of all others similarly situated ("Plaintiff"), brings this class action against Better Living Brands, LLC ("Defendant"), seeking monetary damages, injunctive relief, and other remedies. Plaintiff makes the following allegations based on the investigation of her counsel and on information and belief, except as to allegations pertaining to Plaintiff individually, which are based on her personal knowledge.

## INTRODUCTION

1.      This case centers around the deceptive marketing and sale of Defendant's Signature Select reusable food storage containers (the "Products").

2.      Defendant has marketed and sold the Products with labeling and packaging that leads consumers to believe that the Products can be safely washed in the dishwasher.

3.      By labeling the Products as "DISHWASHER MICROWAVE & FREEZER SAFE" (the "Dishwasher Safe Representation"), Defendant has misled consumers into believing that the products are actually dishwasher safe which means that the Products can be safely washed anywhere in the dishwasher, including the bottom rack.

4.      However, unbeknownst to reasonable consumers, the Products are not dishwasher safe because they can only be safely washed on the ***top rack*** of the dishwasher. Defendant concedes that the Products are *only* "safe for use in the . . . dishwasher (top shelf)" in small, nondescript, font on the back label, which is buried under a further reassurance that the Product is "[m]ultipurpose/reusable, disposable, dishwasher, microwave, & freezer safe."



5.      Accordingly, representing that the Products are "DISHWASHER MICROWAVE & FREEZER SAFE" on the consumer-facing front label deceives reasonable consumers.

6.      Plaintiff and other consumers purchased the Products because they reasonably believed, based on the Dishwasher Safe Representation, that the Products are, in fact, dishwasher safe. Had Plaintiff and other consumers known that the Products are only safe for the top rack, they would not have purchased them or would

2

CLASS ACTION COMPLAINT

have paid significantly less for them. As a result, Plaintiff and other consumers have been deceived and have suffered economic injury.

7.    Plaintiff seeks relief in this action individually, and on behalf of all other similarly situated individuals who purchased the deceptively labeled Products during the statute of limitations period, for violations of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*, California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, intentional misrepresentation (i.e., common law fraud), negligent misrepresentation, and quasi contract/unjust enrichment/restitution.

8.    Plaintiff, on behalf herself and other similarly situated consumers, seeks damages, restitution, declaratory and injunctive relief, and all other remedies provided by applicable law or that this Court deems appropriate.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, and there is diversity of citizenship between some members of the proposed Classes and Defendant. The sole member of Better Living Brands, LLC is Safeway, Inc, an entity incorporated in Delaware with its principal place of business in California.

10.    This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts with the State of California, and/or otherwise intentionally avails itself of the markets in the State of California through the promotion, marketing, and sale of the Products in this State to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

CLASS ACTION COMPLAINT

11. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### Plaintiff

12. Plaintiff Sheryl Gatoff is a citizen of the United States and the State of California, and currently resides in the County of Riverside. Plaintiff Gatoff purchased the Signature Select Products in or around October 2025 at an Albertsons in Rancho Mirage, California.

13. When purchasing the Products, Plaintiff Gatoff saw and relied on the Dishwasher Safe Representation. Based on this representation, Plaintiff reasonably believed that she was purchasing Products that were dishwasher safe. However, unbeknownst to Plaintiff Gatoff, the Products are not dishwasher safe. Plaintiff Gatoff would not have purchased the Products or would have paid significantly less for them had she known that they are not dishwasher safe. Therefore, Plaintiff Gatoff suffered injury in fact, and lost money as a result of Defendant's misleading, unfair, and fraudulent practices, as described herein.

14. Despite being misled by Defendant, Plaintiff wishes and is likely to continue purchasing the Products if they are, in fact, dishwasher safe. Although Plaintiff regularly visits stores where the Products are sold, because she was deceived in the past by Defendant, absent an injunction, she will be unable to rely with confidence on Defendant's representations in the future and will therefore abstain from purchasing the Products, even though she would like to purchase them. This is a tangible and ongoing harm to Plaintiff that cannot be rectified absent an injunction.

4

CLASS ACTION COMPLAINT

**Defendant**

15.    Defendant Better Living Brands, LLC is a Delaware limited liability company. Its sole member is Safeway, Inc., a Delaware corporation with its principal place of business in California.

<b>FACTUAL ALLEGATIONS</b>

**A.    Background**

16.    One niche in the plasticware industry is that of dishwasher safe products.

17.    A "dishwasher safe" representation has a specific and valuable meaning to consumers, as lesser-grade plastics can melt in the dishwasher and damage the machinery. This can lead to foul odors emanating from the dishwasher, and sometimes even costly repairs.[1]

18.    Because certain plastics have a specific melting point, they can only be washed safely on the top rack of a dishwasher, where the hottest elements do not reach. Since reasonable consumers do not know what plastics can withstand the hottest elements, it is common in the industry to clearly specify when the product is only safe for the top rack:[2]

[1] https://products.geappliances.com/appliance/gea-support-search-content?contentId=17406#:~:text=Occasionally%2C%20a%20plastic%20object%20or,prior%20to%20using%20the%20dishwasher (last accessed Mar. 25, 2026).

[2] https://www.target.com/p/goodcook-meal-prep-1-compartment-square-containers-lids-10ct/-/A-89934405?sid=1443S&TCID=PDS-1737656324&gclsrc=aw.ds&gad_source=1&gad_campaignid=1737656324&gbraid=0AAAAAD-5dfZxJvAkBkyjYbG6vIuVsAsiC&gclid=EAIaIQobChMIxL7Mz9GakwMVJDpECB0fiixaEAQYBCABEgKbBPD_BwE; https://www.amazon.com/Dealusy-100-Piece-Containers-Leakproof Dishwasher/dp/B0D3HYC8H1/ref=sr_1_8?dib=eyJ2IjoiMSJ9.2zl-4BFu_fWQ0C3Sk09Ryc2TMcxSAzFxp-c3SGC_YfLbh1LdpRYsciUoPjiJpAnhAG-_pUYvGOm8cfify-NU1BlNlsY53Y0MgmlZQz7XKerLfCReu60rr5GYfTVo_uzFM6WGS8bsaV5ADWULFrDJDYY0fQaZmtGTMNcTT0ixvsaqq96ZrFJYJ9HCuRQveG8Cyr2SjLDa2iKOfJ_9PnpmUOXNI8ZgkktyqRQK4VBUxWAcCrGqTD_GCcLci0l4-

5
CLASS ACTION COMPLAINT





iY0hYQty0rgkMXzhoBPCUJ1cHjNiRnDt591_7D8TGrGGic.EVRpFIW6kFbXR Hgf1m-LyiIFaIU-cGqURn1CgT2bBuE&dib_tag=se&keywords=plastic%2Bmeal%2Bcontainers&qid=1773324872&sr=8-8&th=1 (last accessed Mar.25, 2026).

CLASS ACTION COMPLAINT

19.    Thus, when a product such as a food container has been labeled "dishwasher safe" with no apparent qualifiers, the reasonable consumer believes that the product can be safely washed anywhere in the dishwasher.

**B.    The Labeling And Packaging Of The Products Are Deceptive And Misleading**

20.    The labeling and packaging of the Products are deceptive and misleading to reasonable consumers, including Plaintiff and Class members.



21.    As depicted in the images below, in order to create the impression that the Products are dishwasher safe, the consumer-facing front label features the representation that the Products are "DISHWASHER MICROWAVE AND FREEZER SAFE."

22.    Consumers purchasing the Products reasonably believe, based on the unqualified Dishwasher Safe Representation, that the Products are indeed dishwasher safe, meaning they can be safely washed anywhere in the dishwasher.

CLASS ACTION COMPLAINT



23.    Defendant misled consumers into buying the Products based on the Dishwasher Safe Representation when, in reality, they are *only* dishwasher safe *if* washed on the top rack. Hidden on the back label, in small, nondescript font, is Defendant's admission that the Products are only "safe for use in the … dishwasher (top shelf)."

24.    Defendant deceptively advertises the Products in order to exploit strong consumer sentiment for food containers that can be conveniently washed in the dishwasher.

**C.    <u>The Dishwasher Safe Representation Is Material To Consumers</u>**

25.    The Dishwasher Safe Representation is extremely powerful. Consumers purchase items, and are willing to pay more for items, because they are dishwasher safe.

26.    Consumers frequently purchase food containers that are dishwasher safe because using a dishwasher is faster, easier, more hygienic, and more water-efficient than handwashing.[3] Dishwasher safe items, as opposed to top rack safe items, are highly desirable because they can free up space on the top rack.

---

[3] https://www.bosch-home.in/experience-bosch/living-with-bosch/fresh-reads/4-reasons-why-you-should-use-a-dishwasher (last accessed Mar. 25, 2026).

CLASS ACTION COMPLAINT

27.    Defendant is acutely aware that consumers value the convenience associated with dishwasher safe items and are willing to purchase and/or pay more for such products because they are dishwasher safe.

28.    Defendant's decision to prominently highlight the Dishwasher Safe Representation on the consumer-facing front label of the Products while concealing the top rack admission on the back label is designed to exploit this sentiment in order to maximize profits at the expense of deceived consumers.

**D.    Plaintiff And Class Members Were Harmed**

29.    Plaintiff and the Class members purchased the Products relying on the Dishwasher Safe Representation, reasonably believing that the Products were actually dishwasher safe. This belief was a significant factor in each of their decisions to purchase the Products.

30.    Plaintiff and the Class members did not know, and had no reason to know based on the label, that the Products were not dishwasher safe because the Products are deceptively labeled and advertised to create the impression that they are dishwasher safe, and Defendant does not clearly and affirmatively disclose that the Products can only be safely washed on the top rack.

31.    Defendant knew or should have known that Plaintiff and Class members did and would rely on the labeling, packaging, and advertising of the Products in purchasing them, and would reasonably believe that the Products were dishwasher safe.

32.    Because the Products are not made dishwasher safe, as advertised and reasonably expected by Plaintiff and other consumers, Defendant's labeling of the Products was and continues to be deceptive and misleading.

33.    Each Class member has been exposed to the same or substantially similar deceptive practice, as each of the Products contains the Dishwasher Safe Representation but the Products are not dishwasher safe.

CLASS ACTION COMPLAINT

34.    Plaintiff and other consumers have paid a premium for the Products. They would not have purchased the Products, or would have paid significantly less, had they known they are not dishwasher safe. Therefore, Plaintiff and other consumers suffered injury in fact, and lost money as a result of Defendant's misleading, unfair, and fraudulent practices, as described herein.

35.    As a result of its misleading business practices, and the harm caused to Plaintiff and other consumers, Defendant should be enjoined from continuing to engage in the wrongful acts and unfair and unlawful business practices described herein. Furthermore, Defendant should be required to pay for all damages caused to misled consumers, including Plaintiff.

**E.    No Adequate Remedy at Law**

36.    Plaintiff and members of the Classes are entitled to equitable relief as no adequate remedy at law exists.

37.    **More Prompt, Certain, and Efficient.** Legal remedies are inadequate because they are not equally prompt and certain and in other ways efficient as equitable relief. Legal claims for damages are not equally certain as restitution because claims under the UCL and other equitable claims entail few elements.

38.    **Broader Scope of Conduct.** In addition, the scope of actionable misconduct under the unfair prong of the UCL is broader than the other causes of action asserted herein. The UCL creates a cause of action for violations of law (such as statutory or regulatory requirements and court orders related to similar representations and omissions made on the type of products at issue). Thus, Plaintiff and the Class may be entitled to restitution under the UCL, while not entitled to damages under other causes of action asserted herein (e.g., the FAL requires actual or constructive knowledge of the falsity; the CLRA is limited to certain types of plaintiffs [an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes] and other statutorily

CLASS ACTION COMPLAINT

enumerated conduct; common law fraud claims require a showing of actual deception or reliance).

39.    **Injunctive Relief to Cease Misconduct and Dispel Misperception.** Injunctive relief is appropriate on behalf of Plaintiff and the Class because Defendant continues to deceive consumers with the Dishwasher Safe Representation. Injunctive relief is necessary to prevent Defendant from continuing to engage in the unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm – none of which can be achieved through available legal remedies (such as monetary damages to compensate past harm). Further, injunctive relief, in the form of removing the Dishwasher Safe Representation is necessary to dispel the public misperception about the Product that has resulted from years of Defendant's unfair, fraudulent, and unlawful marketing efforts. An injunction requiring removal of the claim will prevent the ongoing deception and repeat purchases based thereon. It is also not available through a legal remedy (such as monetary damages). In addition, injunctive relief is necessary because discovery and Plaintiff's investigation have not yet been completed. Moreover, because the court has not yet certified any class, the following remains unknown: the scope of the class, the identities of its members, their respective purchasing practices, prices of past/future Product sales, and quantities of past/future Product sales.

40.    **Public Injunction.** Further, because a "public injunction" is available under the UCL, damages will not adequately "benefit the general public" in a manner equivalent to an injunction.

41.    Procedural Posture – Incomplete Discovery & Pre-Certification. Lastly, this is an initial pleading, and discovery has not yet commenced and/or is at its initial stages. No class has been certified yet. No expert discovery has commenced and/or been completed. The completion of fact/non-expert and expert discovery, as well as the certification of this case as a class action, are necessary to finalize and determine the adequacy and availability of all remedies, including legal and equitable, for

11

CLASS ACTION COMPLAINT

Plaintiff's individual claims and any certified class or subclass. Plaintiff therefore reserves the right to amend this complaint and/or assert additional facts that demonstrate this Court's jurisdiction to order equitable remedies where no adequate legal remedies are available for Plaintiff and/or any certified class or subclass. Such proof, to the extent necessary, will be presented prior to the trial of any equitable claims for relief and/or the entry of an order granting equitable relief.

## CLASS ACTION ALLEGATIONS

42.    Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of all members of the following Classes:

**California Class**

All persons, who, within the relevant statute of limitations period, purchased any of the Products, in the State of California.

**California Consumer Subclass**

All persons, who, within the relevant statute of limitations period, purchased any of the Products for personal, family, or household purposes, in the State of California.

43.    Excluded from the Classes are the following individuals and/or entities: Defendant and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

44.    Plaintiff reserves the right to modify or amend the definition of the proposed Classes after having had an opportunity to conduct discovery.

45.    Plaintiff is a member of the California Class and California Consumer Subclass.

12

CLASS ACTION COMPLAINT

46. Numerosity: The proposed Classes are so numerous that joinder of all members would be impractical. The Products are sold throughout California and the rest of the United States at grocery chains including, but not limited to, Albertsons. The number of individuals who purchased the Products in California during the relevant time period is at least in the thousands. Accordingly, Class members are so numerous that their individual joinder herein is impractical. While the precise number of Class members and their identities are unknown to Plaintiff at this time, these Class members are identifiable and ascertainable through proof of purchase and other records.

47. Common Questions Predominate: There are questions of law and fact common to the proposed Classes that will drive the resolution of this action and will predominate over questions affecting only individual Class members. These questions include, but are not limited to, the following:

    a. Whether Defendant misrepresented material facts and/or failed to disclose material facts in connection with the labeling, packaging, marketing, distribution, and sale of the Products;

    b. Whether Defendant engaged in unfair, unlawful and/or fraudulent business practices;

    c. Whether Defendant's unlawful conduct, as alleged herein, was intentional and knowing;

    d. Whether Plaintiff and members of the Classes are entitled to damages and/or restitution, and in what amount;

    e. Whether Defendant is likely to continue using deceptive, misleading or unlawful conduct such that an injunction is necessary; and

    f. Whether Plaintiff and members of the Classes are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

CLASS ACTION COMPLAINT

48. Defendant engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiff and Class members. Similar or identical statutory and common law violations, business practices, and injuries are involved. The injuries sustained by members of the proposed Classes flow, in each instance, from a common nucleus of operative fact, namely, Defendant's deceptive packaging and advertising of the Products. Each instance of harm suffered by Plaintiff and Class members has directly resulted from a single course of illegal conduct. Therefore, individual questions, if any, pale in comparison to the numerous common questions presented in this action.

49. Superiority: Because of the relatively small size of the individual Class members' claims, no Class member could afford to seek legal redress on an individual basis. Furthermore, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. A class action is superior to any alternative means of prosecution.

50. Typicality: The representative Plaintiff's claims are typical of those of the proposed Classes, as all members of the proposed Classes are similarly affected by Defendant's uniform unlawful conduct as alleged herein.

51. Adequacy: Plaintiff will fairly and adequately protect the interests of the proposed Classes as her interests do not conflict with the interests of the members of the proposed Classes she seeks to represent, and she has retained counsel competent and experienced in class action litigation. The interests of the members of the Classes will be fairly and adequately protected by the Plaintiff and her counsel.

52. This lawsuit is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because Defendant acted, or failed to act, on grounds generally applicable to Plaintiff and the proposed Classes, supporting the

14

CLASS ACTION COMPLAINT

imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

**FIRST CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act ("CLRA"),**
**California Civil Code § 1750, *et seq.***
***(For the California Consumer Subclass)***

53. Plaintiff repeats the allegations contained in paragraphs 1-41 above as if fully set forth herein.

54. Plaintiff brings this claim individually and on behalf of the members of the California Consumer Subclass against Defendant.

55. The Products are "goods" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of such Products by Plaintiff and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

56. Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ." By marketing the Products with their current packaging, Defendant has represented and continues to represent that the Products have characteristics (dishwasher safe) which they do not have. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

57. Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing the Products with their current packaging, Defendant has represented and continues to represent that the Products are dishwasher safe when they are not. Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

58. Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By packaging and marketing the Products

15

CLASS ACTION COMPLAINT

as being dishwasher safe, and then intentionally not selling the products as such, Defendant has violated section 1770(a)(9) of the CLRA.

59. At all relevant times, Defendant has known or reasonably should have known that the Products are not dishwasher safe, and that Plaintiff and other members of the California Consumer Subclass would reasonably and justifiably rely on the packaging in purchasing the products.

60. Plaintiff and members of the California Consumer Subclass have reasonably and justifiably relied on Defendant's misleading and fraudulent conduct when purchasing the Products. Moreover, based on the materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Products may be presumed or inferred for Plaintiff and members of California Consumer Subclass.

61. Plaintiff and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Defendant because they would not have purchased Products or would have paid significantly less for the Products had they known that Defendant's conduct was misleading and fraudulent – *i.e.*, that the Products are not dishwasher safe.

62. Under Cal. Civ. Code § 1780(a), Plaintiff and members of the California Consumer Subclass are seeking injunctive relief pursuant to the CLRA, preventing Defendant from continuing to engage in the wrongful acts and unfair and unlawful business practices described herein, as well as restitution, disgorgement of profits, and any other relief this Court deems proper.

63. Pursuant to Cal. Civ. Code § 1782, on January 29, 2026, counsel for Plaintiff mailed a notice and demand letter by certified mail, with return receipt requested, to Defendant. Defendant received the notice and demand letter on February 2, 2026. Because Defendant has failed to fully rectify or remedy the damages caused after waiting more than the statutorily required 30 days after it

CLASS ACTION COMPLAINT

received the notice and demand letter, Plaintiff is timely filing this Complaint for damages pursuant to the CLRA.

**SECOND CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code § 17200, *et seq.***
**(*For the Classes*)**

64.    Plaintiff repeats the allegations contained in paragraphs 1-41 above as if fully set forth herein.

65.    Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

66.    California Business & Professions Code § 17200 (the "UCL") provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

67.    Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

68.    Defendant's misleading advertising of the Products was and continues to be "unlawful" because it violates the CLRA, California's False Advertising Law ("FAL"), and other applicable laws as described herein. As a result of Defendant's unlawful business acts and practices, Defendant has unlawfully obtained money directly and/or indirectly from Plaintiff and members of the Classes in the form of money that Plaintiff and other California Class members would not have paid but for Defendant's deceptive representations that the Products are dishwasher safe when they are not.

69.    Under the UCL, a business act or practice is "unfair" if the defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims.

CLASS ACTION COMPLAINT

70. Defendant's conduct was and continues to be of no benefit to purchasers of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the Products' packaging in making purchasing decisions. Misleading consumers about whether the Product is dishwasher safe is of no benefit to consumers. Therefore, Defendant's conduct was and continues to be "unfair." As a result of Defendant's unfair business acts and practices, Defendant has and continues to unfairly obtain money directly and/or indirectly from Plaintiff and members of the Classes in the form of money that Plaintiff and other Class members would not have paid but for Defendant's deceptive representations that the Products are dishwasher safe when they are not.

71. Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public.

72. Defendant's conduct was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Products are dishwasher safe, when they are not. Because Defendant deceived Plaintiff and members of the Classes, Defendant's conduct was "fraudulent." As a result of Defendant's fraudulent business acts and practices, Defendant has and continues to wrongly obtain money directly and/or indirectly from Plaintiff and members of the Classes in the form of money that Plaintiff and other Class members would not have paid but for Defendant's deceptive representations that the Products are dishwasher safe when they are not.

73. Plaintiff requests that this Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to her and members of the Classes, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the Classes will be irreparably harmed and/or denied an effective and complete remedy.

CLASS ACTION COMPLAINT

**THIRD CLAIM FOR RELIEF**
**Violation of California's False Advertising Law ("FAL"),**
**California Business & Professions Code § 17500, *et seq.***
(***For the Classes***)

74.     Plaintiff repeats the allegations contained in paragraphs 1-41 above as if fully set forth herein.

75.     Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

76.     California's FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

77.     Defendant has represented and continues to represent to the public, including Plaintiff and members of the Classes, through deceptive packaging, that the Products are dishwasher safe when they are not. Because Defendant has disseminated misleading information regarding the Products, and Defendant knows, knew, or should have known through the exercise of reasonable care that the representations were and continue to be misleading, Defendant has violated California's FAL.

78.     As a result of Defendant's false advertising, Defendant has and continues to fraudulently obtain money directly and/or indirectly from Plaintiff and members of the Classes in the form of money that Plaintiff and other Class members would not have paid but for Defendant's deceptive representations that the Products are dishwasher safe.

79.     Plaintiff requests that this Court cause Defendant to restore this fraudulently obtained money to her and members of the Classes, to disgorge the

19
CLASS ACTION COMPLAINT

profits Defendant made on these transactions, and to enjoin Defendant from violating California's FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the Classes may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## FOURTH CLAIM FOR RELIEF
### Intentional Misrepresentation
#### (*For the Classes*)

80. Plaintiff repeats the allegations contained in paragraphs 1-41 above as if fully set forth herein.

81. Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

82. Defendant has willfully, falsely, or knowingly packaged and marketed the Products with representations that the Products are dishwasher safe when they are not. Therefore, Defendant has made misrepresentations as to the Products.

83. Defendant's misrepresentations are and were material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions) because they relate to the characteristics of the Products, and this information is important to consumer purchasing decisions, including the decision of Plaintiff and Class members to purchase the Products.

84. As the company responsible for manufacturing the Products, Defendant knew or recklessly disregarded the fact that the Products are not dishwasher safe.

85. Defendant intends that Plaintiff and other consumers rely on the Dishwasher Safe Representations, as evidenced by Defendant's intentionally and conspicuously including them on the consumer-facing front label of its Products while concealing the top rack limitation on the back label. In the alternative, Defendant acted recklessly in making the Dishwasher Safe Representations without regard to the truth.

20
CLASS ACTION COMPLAINT

86.    Plaintiff and members of the Classes have reasonably and justifiably relied on Defendant's misrepresentations when purchasing the Products, and had the correct facts been known, would not have purchased the Products or would not have purchased them at the prices at which they were offered.

87.    Therefore, as a direct and proximate result of Defendant's intentional misrepresentations, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts overpaid for the Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### Negligent Misrepresentation
#### (*For the Classes*)

88.    Plaintiff repeats the allegations contained in paragraphs 1-41 above as if fully set forth herein.

89.    Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

90.    Defendant marketed the Products in a manner indicating that the Products are dishwasher safe when they are not. Therefore, Defendant has made misrepresentations as to the Products.

91.    Defendant's misrepresentations regarding the Products are material to a reasonable consumer because they relate to the characteristics of the products. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

92.    At all relevant times, Defendant knew or has been negligent in not knowing that that the Products are not dishwasher safe. Defendant had no reasonable grounds for believing that its representations were true and not misleading.

93.    Defendant intends that Plaintiff and other consumers rely on the Dishwasher Safe Representations, as evidenced by Defendant's intentionally and

21
CLASS ACTION COMPLAINT

conspicuously including them on the consumer-facing front label of its Products while concealing the top rack limitation on the back label.

94.     Plaintiff and members of the California Class have reasonably and justifiably relied on Defendant's negligent misrepresentations when purchasing the Products, and had the correct facts been known, would not have purchased the Products or would not have purchased them at the prices at which they were offered.

95.     Therefore, as a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

### SIXTH CLAIM FOR RELIEF
### Quasi Contract/Unjust Enrichment/Restitution
### (*For the Classes*)

96.     Plaintiff repeats the allegations contained in paragraphs 1-41 above as if fully set forth herein.

97.     Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

98.     As alleged herein, Defendant has intentionally and recklessly made misleading representations to Plaintiff and members of the Classes to induce them to purchase the Products. Plaintiff and members of the Classes have reasonably relied on the misleading representations and have not received all of the benefits promised by Defendant. Plaintiff and members of the Classes therefore have been induced by Defendant's misleading representations to purchase the Products, and paid more money to Defendant (directly and/or indirectly) than they would and/or should have paid.

99.     Plaintiff and members of the Classes have conferred a benefit upon Defendant as Defendant has retained monies directly and/or indirectly paid to it by Plaintiff and members of the Classes.

22

CLASS ACTION COMPLAINT

100. The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the Classes—i.e., Plaintiff and members of the Classes did not receive the full value of the benefit.

101. Therefore, it is inequitable and unjust for Defendant to retain the profit, benefits, or compensation conferred upon it without paying Plaintiff and members of the Classes back for the difference of the full value of the benefits compared to the value actually received.

102. As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Classes, respectfully prays for the following relief:

A. Certification of this case as a class action on behalf of the Classes defined above, appointment of Plaintiff as Class representative, and appointment of her counsel as Class counsel;

B. A declaration that Defendant's actions, as described herein, violate the laws and claims described herein;

C. An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the unlawful acts described above;

D. An award to Plaintiff and the proposed Classes of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the proposed Classes as a result of its unlawful, unfair and fraudulent business practices described herein;

23
CLASS ACTION COMPLAINT

E.    An award of all economic, monetary, actual, consequential, and compensatory damages caused by Defendant's conduct;

F.    An award of punitive damages;

G.    An award to Plaintiff and their counsel of their reasonable expenses and attorneys' fees;

H.    An award to Plaintiff and the proposed Classes of pre- and post-judgment interest, to the extent allowable; and

I.    For such further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and the proposed Classes, hereby demands a trial by jury on all claims so triable.

Date: March 25, 2026                Respectfully submitted,

**FARUQI & FARUQI, LLP**

By: */s/ Lisa T. Omoto*
Lisa T. Omoto (SBN 303830)
*lomoto@faruqilaw.com*
1901 Avenue of the Stars, Suite 1060
Los Angeles, California 90067
Telephone: (424) 256-2884
Facsimile: (424) 256-2885

*Attorney for Plaintiff and the Putative Classes*

24
CLASS ACTION COMPLAINT

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Sheryl Gatoff, declare as follows:

1.    I am a Plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.    This Class Action Complaint is filed in the proper place of trial because the transaction giving rise to my claims, i.e., purchase of Signature Select Products, occurred in this district.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, executed on ___03/25/2026___ at Palm Desert, California.


*Sheryl Gatoff*
Sheryl Gatoff (Mar 25, 2026 13:22:06 PDT)
Sheryl Gatoff

-1-
CLRA VENUE DECLARATION